JOHNSON, Judge.
In this case, after denying appellees’ last motion to dismiss the amended complaint, the trial court heard testimony submitted by the respective parties.
The appellants contend that their contract of employment, based upon the contract between the “union” and the City of Jacksonville, was breached'when they were transferred from their station to another, with reduction of pay. (They contend that the reduction in pay, without a hearing as provided in the contract at Section 8, constituted the breach, admitting the Fire Chief had the authority to transfer from one station to another, but not with reduction of pay.)
The appellees contend that the transfer was for the “best of the service”.
There can be no doubt, from the testimony of all the parties that the transfer came about as a result of certain practical joking at one Lieutenant Lindsey.
The Chief had advised by a bulletin board announcement that if the joking did not stop, he was going to transfer all of them. It was also indicated that there could be a reduction of pay.
In the testimony, however, it is clear that the transfer was a disciplinary measure, as was found by the trial court as seen on page 55 of Volume II of the record on appeal.
It is also clear that pursuant to Article VIII of the contract, if a member is reduced in rank or pay, without cause, it would have required the giving of the notice and written charges and a hearing. It appears to us that the important point in this phase of the contract is that no change can be made which results in a reduction of rank or pay, without notice and a hearing thereon.
We are aware of the fact that Chief Smith, for purposes of the record, said the transfer was for the good of the service, which probably was a good and sound move, but this did not relieve the City of the requirement for notice if such move resulted in reduction of pay. It seems from the personnel records contained in the file that the three appellants were reduced in rank and pay from engineer to private in order to replace three privates who were at the same time promoted to engineer. It therefore appears to us that the reason there were positions for privates but no engineers was because privates had been promoted to take over appellants’ positions as engineers upon their demotion. Under these circumstances, we do not think it can be said that appellants were not subjected to a disciplinary reduction in rank and pay without being afforded their contractual rights of due process. If Chief Smith wanted to transfer the members, without it being recorded as a disciplinary action then he was stuck by *133 the terms of the contract, to wit: transfer only to an equal paying job, or give the required notice and hearing. In this case, the City had the alternative, yet did neither, thereby breaching the contract.
For these reasons, we reverse the Order appealed.
SPECTOR, J., concurs.
WIGGINTON, Acting C. J., dissents.